IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL SEMICONDUCTOR CORPORATION, *et al.* | § § § | |
| vs. | § | NO. A 99 CA 558 SS |
| SIGMATEL, INC. | § § § | |

## ORDER

BE IT REMEMBERED that on the 10th day of August 2000, the Court held a hearing in the above-styled cause at which the parties appeared by representation of counsel, and thereafter confirms the announcements made at the hearing with the following opinion and order.

Sigmatel has again moved the Court to reconsider its order of June 9, 2000. The Court declines Sigmatel's request. The Court's order was based on the sworn testimony by Sigmatel's witness that the CSC Netlist was a tool which could be easily replaced with an alternative tool within two weeks. In reliance on this testimony, the Court ordered Sigmatel to return the program to Crystal within a reasonable period of time. The Court did not enjoin Sigmatel from doing anything. None of the evidence submitted by Sigmatel has persuaded the Court to set aside its June 9, 2000 order.

As the Court has repeatedly stated, both in open court and in written orders, this case has run far afield. The litigation has been extraordinarily contentious, the tone of the pleadings has been vituperative, and the conduct of the attorneys and the parties has been inappropriate. The litigation tactics utilized by the parties have demanded a disproportionate and unjustified amount of time from both the undersigned and his staff. It appears that no one involved in this litigation comes before the Court with clean hands. The name calling and the lack of cooperation from both sides of the

litigation demean the profession of law and are offensive to the undersigned. Further conduct of this nature will not be tolerated. It simply will not be tolerated. The parties are represented by well respected firms and attorneys, and the Court both expects and demands that any attorney with further involvement in this case behave accordingly. For this reason, the Court orders each attorney who will continue to be associated with the above-styled cause to file a certification that he or she has read *Dondi Properties Corp. v. Commerce Savings and Loan Ass'n*, 21 F.R.D. 284 (N.D. Tex. 1998) and will comply with the standards set forth within. Any attorney who fails to file such a certification will have no further involvement in the above-styled cause.

Accordingly, the Court enters the following order:

IT IS ORDERED that Crystal's Motion for Partial Summary Judgment to Dismiss Patent Invalidity Defenses [#130] is DENIED;

IT IS FURTHER ORDERED that the Defendant's Motion to Quash Plaintiffs' Request for Entry for the Purpose of Inspection of Things [#158] is DENIED;

IT IS FURTHER ORDERED that the CEO of Sigmatel and the General Counsel of Sigmatel shall FILE an affidavit within TEN (10) DAYS of the date of this order stating that all documents responsive to the plaintiffs' requests for production have been produced; if other documents responsive to the requests are later discovered through third-parties, an appropriate instruction will be made to the jury at trial;

IT IS FURTHER ORDERED that Sigmatel's Motion for Hearing on Plaintiffs' Motion for Preliminary Injunction or in the alternative Motion for Reconsideration of Order Concerning CSC Netlist [#160] is DENIED;

IT IS FURTHER ORDERED that the Defendant's Motion for Leave to File Defendant's Amended Answer to Plaintiffs' Second Amended Complaint [#162] is GRANTED;

IT IS FURTHER ORDERED that Sigmatel's Motion for Partial Summary Judgment that the '841 Patent is Invalid Under the On-Sale Bar of 35 U.S.C. § 102(b) [#173] is DENIED;

IT IS FURTHER ORDERED that the Defendant's Motion for Protective Order and Motion to Quash Depositions in Excess of Ten [#178] is GRANTED IN PART and DENIED IN PART; from the date of this order, each side is permitted TEN (10) depositions of fact witnesses and ONE (1) deposition pursuant to Federal Rule of Civil Procedure 30(b)(6); any additional depositions require the Court's approval; this limitation does not apply to depositions of expert witnesses;

IT IS FURTHER ORDERED that the Defendant's Motion for Sanctions for Abuse of Discover [#180] is DISMISSED AS MOOT; and

IT IS FINALLY ORDERED that any attorney who intends to remain associated with the above-styled cause shall FILE a certification within SEVEN (7) DAYS of the date of this order that he or she has read *Dondi Properties Corp. v. Commerce Savings and Loan Ass'n*, 21 F.R.D. 284 (N.D. Tex. 1998) and will comply with the standards set forth within.

SIGNED this the 10th day of August 2000.

/s/ Sam Sparks
UNITED STATES DISTRICT JUDGE